Jerome W. Benesch and Blanche K. Benesch v. Commissioner.
Benesch v. Commissioner
Docket No. 43342.
United States Tax Court
T.C. Memo 1954-217; 1954 Tax Ct. Memo LEXIS 29; 13 T.C.M. (CCH) 1116; T.C.M. (RIA) 54323; December 10, 1954, Filed *29 D. Sylvan Friedman, Esq., for the petitioners. A. Russell Beasley, Esq., for the Respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: Respondent determined a deficiency in income tax against petitioners for the year 1949 in the amount of $1,173.26. The question presented is whether the cost of installing an elevator is medical expense within the meaning of section 23(x) of the Internal Revenue Code of 1939. Findings of Fact Some of the fact have been stipulated and are found as stipulated. Petitioners are husband and wife and residents of Baltimore, Maryland. They filed a joint income tax return for the calendar year 1949 with the collector of internal revenue for the district of Maryland. Jerome W. Benesch, hereinafter referred to as petitioner, suffered an attack of coronary thrombosis during August, 1949, while on a vacation in Maine. His boyhood friend and family physician was with him, on vacation, at the time of the attack. After spending about six weeks in a hospital at Lewiston, Maine, petitioner was returned to Baltimore by plane. He was confined to his bed on the second floor of his home for a period of six to eight weeks. *30 The doctor advised petitioner against physical exertion and forbade his walking up and down stairs. Petitioner did not wish to give up his home, as it was spacious and comfortable. Also, he had an organ in his home to which he was very much attached. It was not feasible to move his bedroom downstairs. The doctor suggested that an elevator be installed, but petitioner protested because of the cost. Upon the doctor's insistence that petitioner should not go up and down the stairs, petitioner had an elevator installed in the rear of his residence, operating from the basement to the second floor. The elevator is a plain platform without walls or guards, motor powered and controlled with a rope, a pull on one rope to raise and a pull on the other to lower. It serves the purpose of transporting one person from the basement to the second floor, and it was installed in the rear of the house so as to be near the entrance of petitioner's bedroom. It has been in use regularly since it was installed in 1949. The cost of the elevator to petitioner was $2,840. Petitioners claimed a deduction of the installation cost in their 1949 return as a medical expense. Respondent determined "that the *31 installation of an elevator does not qualify as a medical expense under the provisions of Section 23(x) of the Internal Revenue Code." Opinion Petitioner argues that because the doctor, in the course of treating his illness, had prescribed rest and as little physical exertion as possible, including the explicit direction that he was not to walk up and down stairs, the expense of installing the elevator was a proper medical deduction and it bore directly on the treatment of his ailment. We held to the contrary in Estate of C. L. Hayne, 22 T.C. 113, and Edna G. Hollander, 22 T.C. 646. Petitioner has attempted to distinguish the $ Hayne case from the instant case, but has made no reference to the Hollander case. The latter involved the installation of an inclinator in the taxpayer's home so that she would not suffer damage to her heart, after a coronary thrombosis, by going up and down the stairs. She had not wished to move from her home to a one-floor house or apartment. That decision is controlling here. Decision will be entered for the respondent.